

**FILED & ENTERED**

**JUL 14 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** gonzalez **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:   Naveed Tahir-Kheli,<br>          Debtor. | Case No.:  2:14-bk-10645-ER<br>Chapter:   7<br><br>**MEMORANDUM OF DECISION FINDING THAT INDEBTEDNESS, IF ANY, ARISING IN CONNECTION WITH FUNDS TRANSFERRED BY FRANK FOWLIE TO MAELA BRAATEN, WAS NOT DISCHARGED IN THE DEBTOR'S BANKRUPTCY**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b), Local Bankruptcy Rule 9013-1(j)(3), and 11 U.S.C. §102(1)] |

    A dispute has arisen between the Debtor and Dr. Frank Fowlie ("Dr. Fowlie") regarding whether the Debtor is indebted to Dr. Fowlie, and if so, whether that indebtedness was discharged in the Debtor's bankruptcy. To resolve the dispute, the Court ordered both parties to submit further evidence. Having reviewed that evidence,[1] the Court finds that the transaction giving rise to the dispute between the Debtor and Dr. Fowlie occurred subsequent to the date of the Debtor's petition. Accordingly, regardless of whether the Debtor is indebted to Dr. Fowlie in connection with that transaction, such indebtedness, if any, was not discharged. Further, because the disputed transaction occurred subsequent to the Debtor's discharge, the transaction could have no conceivable effect upon the Debtor's bankruptcy. As a result, the Court has no jurisdiction to make any findings with respect to whether the Debtor is indebted to Dr. Fowlie.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b), Local Bankruptcy Rule 9013-1(j)(3), and 11 U.S.C. §102(1), the Court finds that this matter is appropriate for disposition without a hearing.

 Debtor commenced a voluntary Chapter 7 petition on January 13, 2014. Debtor received a discharge on June 23, 2014. On October 2, 2014, Dr. Fowlie transferred $2,500 Canadian dollars to Maela Braaten. At the time, Ms. Braaten was engaged to be married to the Debtor. On December 23, 2014, Dr. Fowlie transferred $2,400.00[2] to Ms. Braaten. Dr. Fowlie asserts that he transferred the funds to Ms. Braaten as a short-term loan at the request of the Debtor. Dr. Fowlie's position is that both the Debtor and Ms. Braaten are liable to him on account of the transfers. The Debtor states that he assumed that the transfers to Ms. Braaten were partial payment for search engine optimization work that the Debtor performed for Dr. Fowlie. The Debtor claims that Dr. Fowlie owes him $8,364.14 in U.S. dollars in connection with that work. Finally, the Debtor asserts that if the $4,900 that Dr. Fowlie transferred to Ms. Braaten is to be construed as a loan, then it is Mr. Braaten, not the Debtor, who is solely responsible for that loan.

 The only issue before this Court is whether the $4,900.00 transferred by Dr. Fowlie to Ms. Braaten was discharged in the Debtor's bankruptcy. The Court finds that Dr. Fowlie transferred the funds to Ms. Braaten on October 2, 2014 and December 23, 2014. The Debtor commenced his Chapter 7 petition on January 13, 2014. Dr. Fowlie's post-petition transfers did not create any pre-petition indebtedness that could have been discharged in the Debtor's bankruptcy.[3]

 The Court's finding as to the date upon which the funds were transferred is based upon a letter from Scotiabank submitted by Dr. Fowlie (the "Scotiabank Letter") [Doc. No. 55, page 5]. The Scotiabank Letter sets forth the dates upon which Dr. Fowlie made the transfers. The Debtor does not dispute the authenticity of the Scotiabank Letter, and in fact points to the letter in support of his contention that it is Ms. Braaten, not he, who is responsible for the debt.

 The Court makes no findings with respect to any of the other multiple disputes between Dr. Fowlie, the Debtor, and Ms. Braaten. The Court does not determine whether the $4,900.00 was a loan or was instead payment to the Debtor for search engine optimization work. The Court does not determine whether the Debtor or Ms. Braaten are liable to Dr. Fowlie on account of the transfers. The Court does not determine whether Dr. Fowlie owes any money to the Debtor on account of search engine optimization work that the Debtor claims he performed for Dr. Fowlie. These disputes could have no conceivable effect upon the Debtor's bankruptcy and are therefore beyond the jurisdiction of this Court. If the parties wish to continue litigating these issues, they must do so before another tribunal. Dr. Fowlie's request for an order requiring the Debtor to reimburse him for the postage expenses he incurred in connection with this matter is denied.

 The Court will enter an order consistent with this Memorandum of Decision.

---

[2] Unless otherwise indicated, all figures are in Canadian dollars.

[3] Both Dr. Fowlie and the Debtor mistakenly assume that a Chapter 7 discharge applies to all debts arising prior to the date of the discharge. In Chapter 7, a discharge is effective only with respect to debts arising prior to the date of the filing of the petition.

###

Date: July 14, 2017

*Ernest M. Robles*
Ernest M. Robles
United States Bankruptcy Judge